Complex

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARICEL B. MONTEMAYOR,<br><br>          Plaintiff,<br><br>    v.<br><br>KEVIN J. DIETRICHS,<br><br>          Defendant. | CASE NO. DM 0592-00<br><br>**DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas on Defendant's Objection to Order Denying Defendant's Motion to Limit Arrears Pursuant to Statute of Limitations. Defendant seeks review of the Child Support Referee's Findings and Recommended Order pursuant to Rule 7.1 of the Rules for Expedited Process for the Superior Court of Guam. Plaintiff appeared *pro se*, Attorney Daniel S. Somerfleck represented Defendant, and Assistant Attorney General Randy J. Rutten appeared on behalf of the Office of the Attorney General, Child Support Division. For the reasons set forth below, the Court approves and ratifies the Referee's Findings and Recommended Order.

The parties wed on February 18, 1993, separated on March 26, 2000, and divorced on August 21, 2000. Their marriage produced one child. The Interlocutory Judgment of Divorce incorporated into the Final Decree of Divorce provided that Defendant would pay Plaintiff monthly child support in the amount of $250.00 until the child reached the age of majority.

Defendant made three child support payments to Plaintiff in 2000, but made no payments until September 29, 2007. Thereafter, Defendant made payments until the child reached the age of majority on August 23, 2012. On October 27, 2010, the Child Support Enforcement Division of the Office of the Attorney General filed a Motion for Judgment of Arrears in which it requested that arrears be reduced to judgment.

On June 28, 2013, Defendant filed a Motion to Limit Arrears Pursuant to Statute of Limitations in which he argued that the time period to enforce about five years of his missed payments expired prior to the Attorney General's Motion because, pursuant to 5 GCA § 34107, each monthly child support installment constitutes a final judgment from which the five-year statute of limitations runs. On September 9, 2013, the Attorney General filed an Opposition in which it contended that it could enforce all delinquent child support obligations because "all installments accrued as of the date the child turned eighteen years old."

On November 27, 2013, the Referee denied Defendant's Motion in her Findings and Recommended Order and concluded that the Attorney General's Motion for Judgment of Arrears fell "well within the five-year limitations period, which does not expire until August 22, 2017," i.e., five years after the child's last day of minority. The Referee recognized that, under § 34129, "[c]hild support judgments are enforceable like any other judgment," and construed the plain language of 5 GCA § 34107 to mean that "[b]ecause the accrual of arrears ends when a child reaches the age of eighteen, the last day of minority becomes the date of final adjudication for the purposes of the statute of limitations." The Referee thereby rejected Defendant's contention that § 34107 time-barred enforcement of the missed monthly child support payments that preceded the Attorney General's Motion by five years or more. In particular, the Referee noted:

> 5 GCA § 34107 states that an order for child support is a final judgment as to any installment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the order. This language merely ensures that an enforcement action is ripe for adjudication following the failure to pay an installment, rather than delayed until a child attains the age of majority. However, the accrual of missed payments itself constitutes an ongoing violation of a legal requirement which does not terminate by operation of law until the child reaches the age of majority.

The Referee further asserted that Defendant's restrictive interpretation of § 34107 would undermine the legislative intent to liberally construe provisions of the Personal Responsibility and Self–Sufficiency Act of 1997, 5 GCA § 34101 et seq, to "provide for the safety and protection of children" and would "harm public policy by allowing parents to escape responsibility for failing in their support and protection of children."

On December 13, 2013, Defendant filed his Objection to Order Denying Defendant's Motion to Limit Arrears Pursuant to Statute of Limitations. Defendant contends that the Referee erred and reiterates the arguments he presented before the Referee.

"[T]he Legislature created the position of family court referee for the purpose of expediting the process of determining child support" and "the principal purpose of the [Judicial Hearings Division] is to provide 'a speedy and efficient legal process in child support cases.'" Lamb v. Hoffman, 2008 Guam 2, ¶ 41 (quoting 19 GCA § 5502). In reviewing the Referee's findings, this Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and experience" of the Referee. Lamb, 2008 Guam 2, ¶¶ 41-42. "If [this Court] is sufficiently confident in the findings of the [R]eferee, [it] may simply accept the referee's conclusions with minimal comment." Id., ¶ 42. Similarly, this Court "need not conduct an in-depth review of the referee's recommendation before ratification." Palomo v. Manglona, 2012 Guam 18, ¶ 23 (citing Lamb, 2008 Guam 2, ¶ 41).

Upon review of the Referee's Findings and Recommended Order, this Court discerns no error. The Referee considered the competing interpretations of the applicable statutes offered by Defendant and the Attorney General by reviewing the plain language of the statutes as well as the policy underlying the broader statutory scheme. The Referee reasoned that the statutory text and legislative intent support the conclusion that the statute of limitations does not begin to run until the child reaches majority. The Referee declined to follow California law on this point, and this Court is mindful that some jurisdictions follow the California approach while others follow the approach adopted by the Referee. See 24A Am. Jur. 2d Divorce and Separation §§ 997 (Statute of Limitations), 980 (Limitation of Actions). Considering the Referee engaged in a detailed analysis of the instant matter and arrived at a conclusion held by other jurisdictions, this Court will not disturb the findings of the Referee. Accordingly, this Court denies Defendant's Motion and approves the Referee's Findings and Recommended Order.

**IT IS SO ORDERED** this day of January 17, 2014.



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JAN 2 2 2014



Benny O Cruz
Deputy Clerk Superior Court of Guam



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

Page 3 of 3